[Nos. 721, 731.    August 23, 1898.]

## THE DENVER & RIO GRANDE RAILROAD COMPANY, Plaintiff in Error, v. UNITED STATES OF AMERICA, Defendant in Error.

## UNITED STATES OF AMERICA, Plaintiff in Error, v. DENVER & RIO GRANDE COMPANY, Defendant in Error.

SYLLABUS BY THE COURT.

EVIDENCE—SPECIAL ACTS OF CONGRESS.—Special acts of congress are required to be proven on the trial of a cause the same as any other fact.

*Error*, from a judgment for the United States, to the First Judicial District Court.   Reversed and remanded.

The facts are stated in the opinion of the court.

Wᴏʟᴄᴏᴛᴛ & Vᴀɪʟᴇ and E. L. Bᴀʀᴛʟᴇᴛᴛ for the Denver & Rio Grande Railroad Company.

The lands described in these causes were "adjacent" to the railroad company's lines, within the meaning of the act of congress of June 8, 1872.   U. S. v. Railway Co., 150 U. S. 1; U. S. v. Railway Co., 31 Fed. Rep. 886 (899); U. S. v. Chaplin, Id. 890; U. S. v. Lynde, 47 Id. 297; U. S. v. Bacheldor, 48 Pac. Rep. 310; U. S. v. Railroad Co., 29 Alb. Law Jour. 24.

The taking of these ties by the railroad company was not a willful trespass upon the public domain.   Lawson on Presumpt. Ev., Rules 19, 68, pp. 93, 276.

W. B. Cʜɪʟᴅᴇʀs, United States district attorney, and A. A. Jᴏɴᴇs, special assistant, for the United States.

The lands from which the ties were cut were not, as a matter of law, adjacent to the line of the railroad.   U. S. v. Bacheldor, 48 Pac. Rep. 310; Stone v. U. S., 64 Fed. Rep. 667; Same v. Same, 17 Sup. Ct. Rep.; 8 Dec. Dept. Int. 41.

The taking by the railroad company of the ties was a willful trespass upon the public domain.   Leland v. Wilkinson, 6 Pet. 322; Stone v. U. S., 64 Fed. Rep. 667; Same v. Same, supra.

MILLS, C. J.—The above entitled causes were considered and heard as one in this court.   They grow out of a suit in trover brought in the First judicial district of this territory by the United States against the Denver & Rio Grande Railroad Company, to recover five thousand dollars alleged damages for the conversion of certain timber and railroad ties taken by the defendant from the public lands.   Judgment was given in favor of the United States for one hundred and

seventy-four dollars.    Both sides sued out writs of error alleging on the one side that no judgment for any amount should have been given and upon the other that it was too small. No evidence was taken in the trial before the lower court, as the case was submitted entirely upon a stipulation and the rulings thereon.

This stipulation evidently does not cover all the facts in the case, as it fails to show the contents of a special act of congress, approved June 8, 1872, and an act amendatory thereof approved March 3, 1877, and as the law required special acts to be proven on the trial of a cause the same as any other fact, as its contents do not appear in the record we can not take judicial knowledge thereof.    Leland v. Wilkinson, 6 Peters 317; 1 Wharton on Ev., S. 291, and cases cited in note.

As both sides complain of the judgment below, and as both ask for new trial we have, upon consideration, in the interest of justice and in order that a trial may be had upon the merits, concluded to grant the request.

The judgment entered below is therefore reversed, and the case is remanded to the First judicial district court with instructions to grant a new trial.

Leland, Parker, McFie and Crumpacker, JJ., concur.